# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MARY "HOLLY" LAMAR, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:23-cv-00747 |
| | ) Jury Demanded |
| RUSSELL "RUSTY" BOLES, MATTHEW NORMAN, and DARREN RIDER, | ) |
| Defendants. | ) |

## DEFENDANTS RUSSELL BOLES, MATTHEW NORMAN, AND DARREN RIDER'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Russell Boles, Matthew Norman, and Darren Rider Answer Plaintiff's Complaint as follows:

### JURISDICTION AND VENUE

1. Admitted.

2. Admitted.

### PARTIES

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

### STATEMENT OF FACTS

7. Defendants incorporate their responses to paragraphs 1-6 as if fully set forth herein.

1

8. The *first sentence* is admitted. Defendants are without knowledge or information sufficient to either admit or deny the remaining allegations contained in this paragraph.

9. Admitted that Plaintiff started a company, "Wing Blade Falconry – Bird of Prey Education, Experiences & Spiritual Events, Inc.". Defendants are without knowledge or information sufficient to either admit or deny the remaining allegations contained in this paragraph.

10. Admitted that Plaintiff trains and maintains her birds. Defendants are without knowledge or information sufficient to either admit or deny the remaining allegations contained in this paragraph.

11. Admitted.

12. Admitted that Plaintiff obtained her Tennessee master falconry permit in December 2020 and thereafter sought additional permits from TWRA for different activities. Defendants are without knowledge or information sufficient to either admit or deny the remaining allegations in this paragraph.

13. Admitted.

14. The *first sentence* is admitted. As to the remainder of this paragraph, it is admitted that a February 19, 2021 email from Captain Cook to Michelle Outlaw with USFWS asked whether the quoted statement was correct. The remainder of the allegations contained in this paragraph are denied.

15. Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

16. Admitted.

17. Admitted.

18. Admitted.

19. Denied.

20. Admitted that Defendant Boles informed Plaintiff that before moving forward he wanted to speak with a TWRA attorney. The remainder of the allegations contained in this paragraph are denied.

21. Denied.

22. Admitted that Defendant Boles spoke with Plaintiff about birds being used in her paid shows. Denied that Plaintiff was only using birds not native to Tennessee. Defendants are without knowledge or information sufficient to either admit or deny the remainder of the allegations in this paragraph.

23. Admitted.

24. Denied that Defendant Boles cited only to the Tennessee educational permit provisions regarding rehabilitation and education centers. The remainder of the allegations contained in this paragraph are admitted.

25. Admitted.

26. Denied.

27. Admitted.

28. Denied.

29. Denied.

30. Denied that the acquisition of an additional bird would have been lawful. Defendants are without knowledge or information sufficient to either admit or deny the remaining allegations contained in this paragraph.

3

31. The *first sentence* is denied. Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in the *second sentence*.

32. Denied.

33. Denied that Defendant Boles knew the regulation on the website was not current. The remainder of the allegations contained in this paragraph are admitted.

34. Admitted that the two versions of the regulations had different definitions of "raptor". The remainder of the allegations contained in this paragraph are denied.

35. Admitted that Defendant Boles learned that Plaintiff was relying on an outdated version of the regulation posted on the TWRA website on July 25, 2022. The remainder of the allegations contained in this paragraph are denied.

36. Admitted.

37. Admitted.

38. Denied.

39. Denied.

40. Admitted that Plaintiff sent emails Defendant Boles and TWRA Executive Administrative Assistant Danette Waugh on July 25-26, 2022 about Defendant Boles, and that she believed she was in compliance with the law. The remainder of the allegations contained in this paragraph are denied.

41. Admitted that some of Plaintiff's concerns were forwarded to Defendant Rider who called Plaintiff to offer any additional information she needed from the agency. The remainder of the allegations contained in this paragraph are denied.

42. Admitted that Plaintiff continued to send emails to Defendant Boles. The remainder of the allegations contained in this paragraph are denied.

43. Admitted.

44. Denied.

45. Admitted that Defendant Boles briefed superior officers on Plaintiff's violations. Denied that Defendant Boles or his superior officers made the decision to seize Plaintiff's birds and other property.

46. Admitted that Defendant Rider was knowledgeable about TWRA rules. The remainder of the allegations contained in this paragraph are denied.

47. Denied.

48. The *first sentence* is admitted. The remainder of the allegations contained in this paragraph are denied.

49. Admitted that Defendant Norman obtained the search warrant on August 2, 2022, in collaboration with Defendant Boles. The remainder of the allegations contained in this paragraph are denied.

50. Admitted that the allegations in the search warrant stemmed partially from the list of birds the Plaintiff sent to Defendant Boles. The remainder of the allegations contained in this paragraph are denied.

51. Admitted.

52. Admitted.

53. Admitted.

54. Admitted.

55. Admitted that Defendant Norman advised Plaintiff that Defendant Rider was aware of the seizure. The remainder of the allegations contained in this paragraph are denied.

56. Admitted that the seized birds included birds not native to the United State or Tennessee. The remainder of the allegations contained in this paragraph are denied.

57. Admitted that not all seized birds were listed on Plaintiff's falconry permit. Defendants are without knowledge or information sufficient to determine whether Plaintiff used the birds for falconry purposes. The remainder of the allegations contained in this paragraph are denied.

58. Admitted that TWRA rules and regulations in effect at the time stated that a master permitted may not possess more than five raptors and that all of Plaintiff's raptors were seized. The remainder of the allegations contained in this paragraph are denied.

59. Denied.

60. Admitted that all of Plaintiff's raptors and certain other property were seized. The remainder of the allegations contained in this paragraph are denied.

61. Denied.

62. Admitted.

63.-64. Denied. Plaintiff's claim of a separate Fourth Amendment violation based on the search of plaintiff's cell phone text messages has been dismissed because the search fell within the permissible scope of the first Search Warrant. (See DE 30, Page ID## 432-433).

65. Admitted.

66. Denied.

67. Admitted that the seized birds were taken to Walden's Puddle and Middle Tennessee Raptor Center. The remainder of the allegations contained in this paragraph are denied.

68. Denied.

69. The *first sentence* is denied. As to the *second sentence*, admitted that Defendant Boles told Plaintiff that Walden's Puddle had problems in the past under a prior director. The remainder of the allegations contained in this paragraph are denied.

70. Denied.

71. Admitted that Defendant Boles advised USFWS that Plaintiff importing more birds would be violations of TWRA's five raptor limit. Defendants are without knowledge or information sufficient to either admit or deny the remaining allegations contained in this paragraph.

72. Denied.

73. Denied.

74. Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

75. Denied that any false communications were made to federal officials. Defendants are without knowledge or information sufficient to either admit or deny the remaining allegations contained in this paragraph.

76. Admitted.

77. Denied.

78. Admitted.

79. Admitted that neither Defendant Boles nor Defendant Norman wanted to be the one to tell Plaintiff about the death of the bird. The remainder of the allegations contained in this paragraph are denied.

80. Admitted that Defendants advised the prosecutor so he could make the notification. The remainder of the allegations contained in this paragraph are denied.

7

81. Denied that Defendant Boles conveyed an erroneous band number. Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

82. Admitted that the General Sessions Court judge order the TWRA to return five birds to Plaintiff pending resolution of the disputed issues. Defendant is without knowledge or information sufficient to either admit or deny the remaining allegations contained in this paragraph.

83. Denied that the search and seizure were made illegally with an invalid search warrant in violation of the Fourth Amendment. The remainder of this paragraph is admitted.

84. The first sentence is admitted. Defendants are without knowledge or information sufficient to either admit or deny the remainder of this paragraph.

85. Admitted.

86. Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

87. Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph

88. Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph

89. The *first sentence* is denied. As to the *second sentence*, Defendants are without knowledge or information sufficient to determine the life span of Plaintiff's birds; the remainder of the allegations in this sentence are admitted.

90. Denied that the legal action was baseless. Defendants are without knowledge or information sufficient to either admit or deny the remaining allegations contained in this paragraph.

91. Admitted that Plaintiff hired attorneys to defend the charges brought against her. Defendants are without knowledge or information sufficient to either admit or deny the remaining allegations contained in this paragraph

92. Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph

93. Denied.

## COUNT ONE: UNLAWFUL SEARCH AND SEIZURE

94. Defendants incorporate their responses to paragraphs 1-93 as if fully set forth herein.

95. Admitted that Defendants' actions were done under color of state law. The remainder of the allegations contained in this paragraph are denied.

96. Denied.

97. Denied.

98-102. Denied. Plaintiff's claims of Fourth Amendment violations based on the statements in the search warrant have been dismissed. (See DE 30, Page ID## 422-433).

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. The *first sentence* is admitted. The remainder of the allegations contained in this paragraph are denied.

9

108. Denied. Plaintiff's allegations of insufficient nexus and staleness have been dismissed. (See DE 30, Page ID## 430-432).

109. Denied. Plaintiff's claims of Fourth Amendment violations based on the statements in the search warrant have been dismissed. (See DE 30, Page ID## 422-433).

110. Denied.

111. Denied.

112. Denied.

113. Denied. Plaintiff's claim of a separate Fourth Amendment violation based on the search of plaintiff's cell phone text messages has been dismissed. (See DE 30, Page ID## 432-433).

114. Denied.

115. Denied.

## COUNT TWO: VIOLATION OF SUBSTANTIVE DUE PROCESS

116. Defendants incorporate their responses to paragraphs 1-115 as if fully set forth herein.

117-146. Denied. Plaintiff's substantive due process claim has been dismissed. (See DE 30, Page ID## 447-452).

## COUNT THREE: MALICIOUS PROSECUTION AND FALSE ARREST

147. Defendants incorporate their responses to paragraphs 1-146 as if fully set forth herein.

148-156. Denied. Plaintiff's malicious prosecution and false arrest claims have been dismissed. (See DE 30, Page ID## 434-443).

## COUNT FOUR: FIRST AMENDMENT RETALIATION

157. Defendants incorporate their responses to paragraphs 1-156 as if fully set forth herein.

158. Admitted the Defendants' actions were done under color of state law. The remainder of the allegations contained in this paragraph are denied.

159. Denied.

160. Denied.

161. Denied.

162. Denied.

163. Denied.

164. Denied.

165. Denied

166. Denied.

## COUNT FIVE: EQUAL PROTECTION

167. Defendants incorporate their responses to paragraphs 1-166 as if fully set forth herein.

168. Denied.

169. Denied.

170. Denied.

171. Denied.

172. Denied.

173. Denied.

174. Denied.

## COUNT SIX: CIVIL CONSPIRACY

175-178. Denied. This claim has been dismissed. (See DE 30, Page ID# 414, FN 6).

## AFFIRMATIVE DEFENSES

Wherefore, having fully answered the allegations of the Complaint, Defendants Boles, Norman and Rider raise the following affirmative defenses:

1. No act or omission by any of Defendants Boles, Norman, or Rider deprived Plaintiff of her constitutional rights; and

2. Defendants Boles, Norman, and Rider are entitled to qualified immunity.

## REQUEST FOR RELIEF

1. This Court dismiss all claims against Defendants Boles, Norman, and Rider with prejudice; and

2. Pursuant to Fed. R. Civ. P. Rule 38, Defendants demand a jury trial.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

s/ Meghan Murphy
MEGHAN MURPHY, BPR #34061
Senior Assistant Attorney General
PEAKO JENKINS, BPR #32190
Assistant Attorney General
DAWN JORDAN, BPR #20383
Special Counsel
P.O. Box 20207
Nashville, Tennessee 37202-0207
Office: 615-253-3890
Fax: 615-532-2541
meghan.murphy@ag.tn.gov
peako.jenkins@ag.tn.gov
dawn.jordan@ag.tn.gov

**CERTIFICATE OF SERVICE**

    I certify a true and exact copy of the foregoing has been forwarded via the Court's electronic filing system on **February 14, 2024**, to the following:

BENJAMIN K. RAYBIN
DAVID J. WEISSMAN
Raybin & Weissman, P.C.
424 Church Street, Suite 2120
Nashville, TN 37219
*Counsel for Plaintiff*

                                          s/ Meghan Murphy
                                          MEGHAN MURPHY
                                          Senior Assistant Attorney General